JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

HARTFORD CASUALTY INSURANCE COMPANY

**DEFENDANTS**

RODOLFO CARDENAS dba RC DRYWALL

**(b)** County of Residence of First Listed Plaintiff _____Hartford_____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Lawrence J. Bistany, Esq., David E. Edwards, Esq.,
1650 Market Street, 1800 One Liberty Place, Philadelphia, PA 19103
(215) 864-6306, (215) 864-7166

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1. U.S. Government Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☒ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | | | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 891 Agricultural Acts |

**PERSONAL INJURY**
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

| SOCIAL SECURITY |
|---|
| ☐ 861 HIA (1395ff) |
| ☐ 862 Black Lung (923) |
| ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 864 SSID Title XVI |
| ☐ 865 RSI (405(g)) |

☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

| FEDERAL TAX SUITS |
|---|
| ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 871 IRS—Third Party 26 USC 7609 |

☐ 893 Environmental Matters
☐ 895 Freedom of Information Act
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
**Habeas Corpus:**
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee- Conditions of Confinement

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus - Alien Detainee
☐ 465 Other Immigration Actions

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdiction statutes unless diversity):
28 U.S.C. §1332(a)
Brief description of cause:
Declaratory Judgment with respect to insurance coverage.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

NONE (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE
May 22, 2012

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

9189688v.1

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:  One Hartford Plaza, Hartford, CT  06155

Address of Defendant:  last known:  1138 Pine Street, Easton, PA  18042

Place of Accident, Incident or Transaction: The insurance contract was issued to defendant in Easton; the underlying action is pending in Lancaster.

*(Use Reverse Side for Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

   (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)).          Yes ☒   No ☐

Does this case involve multidistrict litigation possibilities?          Yes ☐   No ☒

*RELATED CASE IF ANY:*

Case Number: _____ Judge_____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in earlier numbered suit pending or within one year previously terminated action in this court?
         Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
         Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
         Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
         Yes ☐   No ☒

CIVIL: (Place ☒ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Security Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(please specify)

B. *Diversity Jurisdiction Cases:*

1. ☒ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All Other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate category)*

I, Lawrence J. Bistany _____, counsel of record do hereby certify:

   ☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

   ☒ Relief other than monetary damages is sought.

DATE: May 22, 2012 _____ Attorney-at-Law _____ 61825 Attorney I.D. #

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: May 22, 2012 _____ Attorney-at-Law _____ 61825 Attorney I.D. #

CIV. 609 (6/08)

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: One Hartford Plaza, Hartford, CT 06155

Address of Defendant: last known: 1138 Pine Street, Easton, PA 18042

Place of Accident, Incident or Transaction: The insurance contract was issued to defendant in Easton; the underlying action is pending in Lancaster.
*(Use Reverse Side for Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

  (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)).      Yes ☒   No ☐

Does this case involve multidistrict litigation possibilities?      Yes ☐   No ☒

*RELATED CASE IF ANY:*

Case Number: _____ Judge_____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in earlier numbered suit pending or within one year previously terminated action in this court?
      Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
      Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
      Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
      Yes ☐   No ☒

CIVIL: (Place ☒ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Security Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (please specify)

B. *Diversity Jurisdiction Cases:*

1. ☒ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All Other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate category)*

I, Lawrence J. Bistany_____, counsel of record do hereby certify:

  ☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

  ☒ Relief other than monetary damages is sought.

DATE: 22 May 12     _____/occ           61825
                        Attorney-at-Law                      Attorney I.D. #
       **NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 22 May 12     _____/occ           61825
                        Attorney-at-Law                      Attorney I.D. #

CIV. 609 (6/08)

9191125v.1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

HARTFORD CASUALTY INSURANCE
COMPANY                                          :
                                                 :
                                                 :
                v.                               :          Civil Action
                                                 :          No.
                                                 :
RODOLFO CARDENAS dba RC DRYWALL                  :

## DISCLOSURE STATEMENT FORM

Please check one box:

☐          The nongovernmental corporate party, _____, in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

☒          The nongovernmental corporate party, Hartford Casualty Insurance Company, in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that ultimately owns 10% or more of its stock:

The Hartford Financial Services Group, Inc.


_May 22, 2012_
Date

Signature: _____

Counsel for:   Hartford Casualty Insurance Company


**Federal Rule of Civil Procedure 7.1 Disclosure Statement**

(a)     Who Must File; Contents.  A nongovernmental corporate party must file two copies of a disclosure statement that :

    (1)     identifies any parent corporation and any publicly held corporation owning 10% or more of its stock; or

    (2)     states that there is no such corporation.

(b)     Time for Filing; Supplemental Filing.  A party must:

    (1)     file the disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court, and

    (2)     promptly file a supplemental statement if any required information changes.


9190735v.1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RODOLFO CARDENAS dba RC DRYWALL | : | NO. |
| | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241 through §2255.  ( )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management -- Cases that do not fall into any one of the other tracks.  (X)


| | | |
|---|---|---|
| May 22, 2012 | Lawrence J. Bistany | _signature_ |
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| 215-864-6306 | (215) 864-7123 | bistanyl@whiteandwilliams.com |
| **Telephone** | **Fax Number** | **E-mail Address** |

HARTFORD CASUALTY
INSURANCE COMPANY,

              Plaintiff,

    v.

RODOLFO CARDENAS doing business as
RC DRYWALL,

              Defendant.

: 
: 
: 
: 
:   CIVIL ACTION
: 
:   NO. _____
: 
: 
: 
: 
:

## DECLARATORY JUDGMENT COMPLAINT

Hartford Casualty Insurance Company ("Hartford") by way of Complaint for declaratory relief alleges as follows:

1.     Hartford seeks a declaration that it may withdraw from the defense of Rodolfo Cardenas doing business as RC Drywall and that there is no obligation to indemnify Cardenas and his business in the lawsuit Brian D. Zern, *et al.* v. Smucker Company, *et al.*, Civil Action No. 10-15805 (C.P. Lancaster) (the "Underlying Action") because the insured has breached the duty to cooperate condition of the Policy.

## THE PARTIES

2.     Hartford is an Indiana corporation with its principal place of business in Hartford, Connecticut.

3.     Rodolofo Cardenas obtained an insurance policy from Hartford for himself doing business as R.C. Drywall with a stated address of 1138 Pine Street, Easton, PA within this District and, upon information and belief, is a resident of Pennsylvania.

4.      Upon information and belief, Rodolfo Cardenas has also been known as Rodolfo C. Cardenas, Rodolfo Velazquez, Rodolfo Cardenes, and Rodolfo Cardenas Velazquez (collectively "Cardenas").

5.      Upon information and belief, Cardenas left the District after being served with the Underlying Action and had gone to Mexico.  Hartford attempted to send correspondence to Cardenas in Mexico but such mail was returned as undeliverable.

6.      Upon information and belief, Cardenas has returned to Pennsylvania.  Upon information and belief, Cardenas recently made inquiries to obtain tax documents and left a local (area code "610") telephone number as his contact information.

## JURISDICTION AND VENUE

7.      This Court has original jurisdiction over this declaratory judgment action based upon 28 U.S.C. §1332(a) and 28 U.S.C. §2201, *et seq.*  This action involves a controversy between citizens of different States and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

8.      Pursuant to 28 U.S.C. §1391(a), venue is proper in this District as a substantial part of the events or omissions giving rise to this claim occurred in this District.

9.      This court has personal jurisdiction over Cardenas because at the time of the events complained of in the Underlying Action and the filing and service of the Underlying Action, Cardenas was a resident of, and doing business in, Pennsylvania.

## THE UNDERLYING ACTION

10.      Brian and Lynette Zern sued a number of individuals/entities concerning injuries Brian Zern allegedly suffered on a construction project in Lancaster, Pennsylvania, on March 4, 2010.

9188598v.2

11.     The Zerns allege that Lupe Carbajal ("Carbajal") and Leonardo Garcia ("Garcia") were installing drywall about twenty-eight feet above an archway.

12.     Carbajal and Garcia dropped a piece which fell on Brian Zern allegedly causing Zern serious injury.

13.     The Zerns alleged that Carbajal and Garcia either worked for another defendant, Jessup Drywall, or Cardenas.

14.     Cardenas is alleged to be vicariously liable for the negligence of Carbajal and Garcia.

15.     A disputed and critical fact in the Underlying Action is who employed Carbajal and Garcia.

## THE HARTFORD POLICY

16.     Hartford issued a multi-part policy to Rodolfo Cardenas dba RC Drywall with policy number 44 SBM EZ0326 with a policy period of 07/23/09 to 07/23/10 (the "Hartford Policy").

17.     The Hartford Policy provides that the insured must "[c]ooperate with us in the investigation, settlement of the claim or defense against the 'suit' ...".

18.     Cardenas has failed to cooperate with Hartford in its investigation of and the defense against the Underlying Action.

19.     Cardenas is not now cooperating with Hartford in its investigation of and the defense against the Underlying Action.

## COUNT I (Declaratory Judgment)

20.     Hartford incorporates each and every allegation of the preceding paragraphs as if each were fully set forth at length herein.

9188598v.2

21.     Pursuant to 28 U.S.C. §2201, *et seq.*, Hartford is entitled to a judicial determination of its rights and obligations under the Hartford Policy with respect to the Underlying Action.

22.     For the reasons set forth herein, an actual, justifiable controversy exists between the parties concerning their respective rights and obligations under the Hartford Policy with respect to the Underlying Action.

23.     As an express condition to Hartford's provision of any coverage, defense or indemnity, Cardenas is obligated to cooperate in the defense of the Underlying Action.

24.     Cardenas has breached his duty to cooperate with Hartford in connection with the investigation and defense of the Underlying Action.

25.     Hartford has made repeated efforts to contact Cardenas.

26.     Phone calls are not returned by Cardenas.

27.     Certified Mail is not signed for and returned as undeliverable.

28.     Regular Mail is not responded to by Cardenas.

29.     Cardenas was aware of the Underlying Action and had been served with process in the Underlying Action.

30.     Despite having knowledge of the lawsuit and claims against him, Cardenas moved and left no forwarding information. Upon information and belief, Cardenas fled to Mexico.

31.     Hartford made repeated attempts to contact Cardenas, including in Mexico at what Hartford was informed was Cardenas' address, but all such efforts have been unsuccessful.

32.     Hartford believes that Cardenas is now back in Pennsylvania and attempts are again being made to reach him but he has again failed to respond to messages.

9188598v.2

33.     A critical issue in the Underlying Action is who employed Carbajal and Garcia. Cardenas has necessary and important information on that issue, and other necessary information to the defense of the Underlying Action, but has disappeared.

34.     Cardenas is subject to default, adverse inferences and/or sanctions by his failure to participate in and cooperate in the defense, materially prejudicing the defense of the Underlying Action.

35.     Hartford cannot properly provide a defense without information from Cardenas and his business about the claims.

36.     Cardenas has materially compromised the defense by his failure to cooperate, in breach of his contractual obligations.

37.     Because Cardenas has materially breached a fundamental condition to the Hartford Policy, there is no coverage for the Underlying Action.

38.     Hartford should be allowed to withdraw its defense of Cardenas in the Underlying Action.

39.     Hartford has no duty to indemnify Cardenas in the Underlying Action.

40.     Hartford reserves all rights to assert any and all other policy terms, conditions and defenses that may develop.

41.     An actual, present and *bona fide* controversy exists between the parties concerning their respective rights, duties and obligations.

**WHEREFORE**, Hartford Casualty Insurance Company demands judgment in its favor and against Rodolfo Cardenas dba RC Drywall declaring:

9188598v.2

(a)     The rights, duties, obligations and liabilities, if any, of Hartford and

        Cardenas with respect to the Hartford Policy in connection with the

        Underlying Action;

(b)     That Cardenas has breached his duty to cooperate, a condition to coverage

        under the Hartford Policy;

(c)     That Hartford may withdraw its defense of Cardenas in the Underlying

        Action;

(d)     That Hartford has no duty to indemnify Cardenas in the Underlying

        Action;

(e)     And awarding such other and further relief, including costs of suit, as may

        be just, fitting and proper.

                        WHITE AND WILLIAMS LLP


                        By:_____
                            Lawrence J. Bistany
                            David E. Edwards
                            1650 Market Street
                            1800 One Liberty Place
                            Philadelphia, PA 19103
                            (215)864-6306/7166

                            *Attorneys for Plaintiff*
                            *Hartford Casualty Insurance Co.*

9188598v.2