IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> RODOLFO CARDENAS doing business as : <br> RC DRYWALL, : <br> : <br> Defendant. : | CIVIL ACTION <br><br> NO. 12-2804 |

## ORDER

**AND NOW**, this ____ day of _____, 2013, upon consideration of the motion of plaintiff Hartford Casualty Insurance Company ("Hartford") for the entry of default judgment against defendant Rodolfo Cardenas ("Cardenas"), any response thereto and the briefs and arguments of counsel, it is hereby **ORDERED, ADJUDGED AND DECREED** that:

(a) Cardenas has breached his duty to cooperate, a condition to coverage under the Hartford Policy;

(b) Hartford may withdraw its defense of Cardenas in <u>Brian D. Zern, *et al.* v. Smucker Company, *et al.*</u>, Civil Action No. 10-15805 (C.P. Lancaster) (the "Underlying Action");

(c) Hartford has no duty to indemnify Cardenas in the Underlying Action.

**IT IS SO ORDERED**.

BY THE COURT:

_____
Michael M. Baylson, U.S.D.J.

10279685v.1

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> RODOLFO CARDENAS doing business as : <br> RC DRYWALL, : <br> : <br> Defendant. : | CIVIL ACTION <br><br> NO. 12-2804 |

**PLAINTIFF HARTFORD CASUALTY INSURANCE COMPANY'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT**

Plaintiff Hartford Casualty Insurance Company ("Hartford") respectfully moves this Court pursuant to Federal Rule of Civil Procedure 55(b)(2) for the entry of judgment by default against defendant Rodolfo Cardenas ("Cardenas") and in support thereof avers as follows:

1. Hartford filed its Complaint (Docket Entry #1) on May 22, 2012.

2. Cardenas made no response.

3. As provided by Fed. R. Civ. P. 15(a)(1), Hartford filed an Amended Complaint (Docket Entry #5) on June 29, 2012.

4. Pursuant to Motion (Docket Entry #7), on October 15, 2012, this Court authorized service on Cardenas by publication (Docket Entry #13).

5. Service by publication was completed on Cardenas on October 26, 2012 (Docket Entry #20).

6. Cardenas had until November 16, 2012, to respond to the Amended Complaint. Fed. R. Civ. P. 12(a)(1)(A).

7. Cardenas has not appeared nor has he answered the Amended Complaint.

10279685v.1

8. Hartford waited an additional two weeks before requesting that the Clerk of Court note Cardenas' default (Docket Entry #22).

9. On December 5, 2012, the Clerk noted on the docket, at Hartford's request, that Cardenas was in default for failing to appear, plead or otherwise respond to the Amended Complaint.

10. Cardenas is in default and the factual averments of the Amended Complaint should be deemed true.

11. The admitted facts from the Amended Complaint demonstrate that (a) Cardenas has an obligation to cooperate with Hartford in defending claims, (b) Cardenas is not cooperating in the defense of <u>Brian D. Zern, *et al.* v. Smucker Company, *et al.*</u>, Civil Action No. 10-15805 (C.P. Lancaster) (the "Underlying Action"), and (c) Cardenas has breached his contractual and common law obligations to cooperate with Hartford.

12. As a matter of Pennsylvania law, Cardenas' failure to cooperate in the defense of the claims in the Underlying Action constitutes a breach of the terms of the insurance contract between Hartford and Cardenas.

13. Because Cardenas has breached the terms of the insurance contract, Hartford has no duty to defend Cardenas in the Underlying Action.

14. Because Cardenas has breached the terms of the insurance contract, Hartford has no duty to indemnify Cardenas in the Underlying Action.

15. Because Cardenas has breached the terms of the insurance contract, Hartford should be allowed to withdraw from the defense of Cardenas in the Underlying Action.

16. Hartford is entitled to the entry of judgment against Cardenas declaring its rights.

3

**WHEREFORE**, Hartford Casualty Insurance Company requests that the Court enter judgment in its favor and against defendant Rodolfo Cardenas and declare that:

(a) Cardenas has breached his duty to cooperate, a condition to coverage under the Hartford Policy;

(b) Hartford may withdraw its defense of Cardenas in the Underlying Action;

(c) Hartford has no duty to indemnify Cardenas in the Underlying Action.

Dated:  December 19, 2012                                      Respectfully submitted,

                                             **WHITE AND WILLIAMS LLP**

                                             By: /s/ David E. Edwards
                                                  Lawrence J. Bistany
                                                  David E. Edwards
                                                  1650 Market Street
                                                  1800 One Liberty Place
                                                  Philadelphia, PA 19103
                                                  (215)864-6306/7166

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY,  :  :  :  Plaintiff,  :  :  :  v.  :  :  RODOLFO CARDENAS doing business as  :  RC DRYWALL,  :  :  Defendant.  : | CIVIL ACTION  NO. 12-2804 |

**PLAINTIFF HARTFORD CASUALTY INSURANCE COMPANY'S
MEMORANDUM OF LAW MOTION IN SUPPORT OF ITS MOTION
FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT**

Plaintiff Hartford Casualty Insurance Company ("Hartford") respectfully submits this Memorandum of Law in support of its Motion for entry of judgment by default against defendant Rodolfo Cardenas doing business as RC Drywall ("Cardenas") pursuant to Federal Rule of Civil Procedure 55(b)(2).  Cardenas was duly served by publication, pursuant to Court Order, on October 26, 2012.[1]  The time for Cardenas to respond timely to the Complaint under the Federal Rules expired on November 16, 2012; Cardenas has neither appeared nor answered.  Hartford waited an additional two weeks before filing for entry of default pursuant to Fed. R. Civ. P. 55(a).  On December 5, 2012, the Clerk entered on the Docket Cardenas' default for failure to appear, plead or otherwise defend.[2]  Hartford now, respectfully, requests the entry of judgment by default against Cardenas.  Rule 55(b) authorizes the Court to enter judgment by default on application of a party.

---

[1]   Numerous other efforts were made to serve Cardenas before Hartford requested leave to make service by publication.

[2]   The entry of the fact of the default by the Clerk is a prerequisite to the entry of judgment by default.  <u>Clark v. Casino Deli</u>, No. Civ. A. 02-1013, 2002 WL 1832807, *1 (E.D. Pa. July 31, 2002).  <u>See</u> also Fed. R. Civ. P. 55.

10279685v.1

I.     **STATEMENT OF PERTINENT FACTS**[3]

Hartford issued an insurance policy – policy number 44SBM EZ0326 with a policy period of 7/23/09 to 7/23/10 (the "Harford Policy") to Rodolfo Cardenas doing business as RC Drywall ("Cardenas").  Amended Complaint ¶21.  The Hartford Policy provides that the insured must "[c]ooperate with us in the investigation, settlement of the claim or defense against the 'suit' …".  Amended Complaint ¶22.

Cardenas has failed to cooperate with Hartford in its investigation of and the defense of the claims in Brian D. Zern, *et al.* v. Smucker Company, *et al.*, Civil Action No. 10-15805 (C.P. Lancaster) (the "Underlying Action").  Amended Complaint ¶23.  Cardenas is not now cooperating with Hartford in its investigation of and the defense against the Underlying Action.  Amended Complaint ¶24.

The Zerns allege in the Underlying Action that Lupe Carbajal ("Carbajal") and Leonardo Garcia ("Garcia") were installing drywall about twenty-eight feet above an archway.  Amended Complaint ¶16.  Carbajal and Garcia dropped a piece which fell on Brian Zern allegedly causing Zern serious injury.  Amended Complaint ¶17.  The Zerns alleged that Carbajal and Garcia either worked for another defendant, Jessup Drywall, or Cardenas.  Amended Complaint ¶18.  Cardenas is alleged to be vicariously liable for the negligence of Carbajal and Garcia.  Amended Complaint ¶19.  A disputed and critical fact in the Underlying Action is who employed Carbajal and Garcia.  Amended Complaint ¶20.

---

[3] By reason of Cardenas' default, the factual averments of the Amended Complaint are now deemed admitted. Wong v. American Credit & Collections, LLC, Civil Action No. 3:11-cv-04428, 2012 WL 5986474, *1 (D.N.J. Nov. 28, 2012) ("the Court should accept as true the well-pleaded factual allegations of a plaintiff's complaint, but need not accept the party's legal conclusions."). See also DIRECTV Inc. v. Pepe, 431 F.3d 162, 165 and n.6 (3d Cir. 2005) ("while the factual allegations in a complaint, other than those as to damages, are treated as conceded by the defendant for purposes of a default judgment, legal issues remain subject to its adjudication.").

2

Cardenas was served in this action (Docket #20). Cardenas has not appeared or answered. On December 5, the Clerk noted that Cardenas was in default.

## II. ARGUMENT

The procedure for entering default and default judgment is set out in Fed. R. Civ. P. 55.

> First, in order to obtain a default judgment pursuant to Fed.R.Civ.P. 55(b)(2), a litigant must obtain an entry of default from the Clerk of the court pursuant to Fed.R.Civ.P. 55(a). Second, after the clerk of the court enters a default, the Court must then "ascertain 'whether the unchallenged facts constitute a legitimate cause of action.'"

Wong v. American Credit & Collections, LLC, Civil Action No. 3:11-cv-04428, 2012 WL 5986474, *1 (D.N.J. Nov. 28, 2012). Finally, the Court should consider: ("(1) whether the defendant has a litigable defense; (2) whether the defendant's delay is a result of his misconduct; and (3) if plaintiff would be prejudiced by the denial of default judgment."[4] Id. The Wong Court noted that "the absence of a meritorious defense is dispositive." Id. at *2.

Hartford is entitled to a judicial determination of its rights and obligations under its Policy with respect to coverage for Cardenas in the Underlying Action in light of the admitted breach of Cardenas's obligations to cooperate with Hartford in defending the claims against him.

Cardenas was aware of the Underlying Action and had been served with process in the Underlying Action.[5] Despite having knowledge of the lawsuit and the claims against him, Cardenas moved and left no accurate forwarding information. Upon information and belief, Cardenas fled to Mexico leaving a false address behind.

Critical issues in the Underlying Action include not only who employed Carbajal and Garcia and who is potentially liable for their actions, but also who directed their work, who was

---

[4] The Third Circuit, however, identified these factors as applicable in determining whether to **open** a judgment entered by default. Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 Fed. App. 519, 522 (3d Cir. 2006).

[5] Cardenas' fleeing the country when faced with the Underlying Action and providing no means of being contacted evidences that the delay here is the result of Cardenas' misconduct.

3

responsible for safety precautions in the area they were working (*e.g.*, securing the area, placing warnings for work being done overhead, *etc.*), and who was supervising them that day and at the time of the accident. Cardenas has necessary and important information on these issues and other necessary information to the defense of the Underlying Action, but he has disappeared leaving Hartford without its insured's assistance in responding to the claims and cross claims of other defendants in the Underlying Action.

As an express condition to Hartford's provision of any coverage, defense or indemnity, Cardenas is obligated to cooperate in the defense of the Underlying Action. Hartford cannot properly provide a defense without information from Cardenas and his business about the claims. Cardenas has materially compromised the defense by his failure to cooperate in the Underlying Action, in breach of his contractual obligations. Cardenas is subject to default, adverse inferences and/or sanctions as a result of his failure to participate in the Underlying Action which materially prejudices the defense of the Underlying Action.

These facts establish prejudice to Hartford. As noted by proposed intervenors in their December 5, 2012, letter to this Court, the Underlying Action is scheduled for a Pre-Trial Conference. Hartford will be severely prejudiced if required to continue its representation of Cardenas when Cardenas is not assisting in the preparation for and defense of the imminent trial of the claims in the Underlying Action. Plaintiffs and the co-defendants will be able to say whatever they want and lay whatever blame they can at Cardenas' feet but there will be no response from Cardenas as to those assertions.[6]

---

[6] Hartford is not suggesting that any of these parties would affirmatively lie; however, the point of a trial is that there are different versions of the events and different understandings as to whom was doing and/or responsible for what. With Cardenas' absenting himself, Hartford cannot present Cardenas' story (and he disappeared in such a way that it is not even possible to have gotten a trial deposition of him) to allow the jury to hear **all** the evidence and everyone's version of what happened to arrive at a full *and fair* verdict based on the testimony from everyone. None of the other defendants would find it "fair" if they were not allowed to testify and tell their version; similarly it is not

4

As the Pennsylvania Supreme Court stated in <u>Cameron v. Berger</u>, 336 Pa. 229, 233, 7 A.2d 293, 295 (1938):

> There can be no doubt here that defendant's failure to cooperate was both prejudicial and injurious to the garnishee [her insurer].
>
> Mrs. Berger's obligation to the insurance company was not discharged by her report of the collision, and her assistance in the preliminary negotiations which occurred.  She was not only an essential witness at the trial, but the only witness for the defense, and her aid was necessary for the preparation and trial of the suits against her.  Her voluntary disappearance left the garnishee without a defendant and a defense.  Under such circumstances she was precluded from indemnification under her policy.

Cardenas has not even provided the preliminary assistance which the Supreme Court found inadequate in <u>Cameron</u>.  Similarly here, Hartford does not have an essential witness for the defense of Cardenas, namely Cardenas.  It also does not have Cardenas' input and assistance in preparing for trial and to respond to the assertions and finger-pointing of the other parties.

It must be noted that the Smucker/Paramount Petition to Intervene (Docket #9) concedes that Cardenas has not been cooperating with Hartford.  Their argument that this clear breach of Cardenas' contractual obligation should not matter because Hartford can cross-examine other witnesses is simply contrary to Pennsylvania law and the contract which require the insured to assist in the defense of the claims.  Hartford is entitled to Cardenas' input and assistance and has been wrongly deprived of it by Cardenas' disappearing.  It is obviously to these parties' benefit and Hartford's harm to allow co-defendants to blame Cardenas knowing that Cardenas is not available to respond to their assertions and defend himself.

Similarly, it is unusual for the Underlying Plaintiffs to be asserting, as they do in their Petition to Intervene (Docket #8), that a named defendant is not a necessary participant in the

---

fair to Hartford to force it to defend a suit where its insured has disappeared in breach of his duties to cooperate with Hartford.

5

litigation of Plaintiffs' claims. There is the clear specter of unfairness here; the Underlying Plaintiffs could seek a default against Cardenas for his failure to participate in the Underlying Action which they would then use to try to attach the Hartford Policy.

These are precisely the sorts of reasons why Cardenas has an obligation to cooperate in the defense and why this breach of his obligation is extremely prejudicial to Hartford. Because Cardenas has materially breached a fundamental condition to the Hartford Policy, there is no coverage for the Underlying Action. Hartford should be allowed to withdraw its defense of Cardenas in the Underlying Action.

Hartford is entitled to the entry of judgment in its favor and against Cardenas. As the Court in Wong noted: "[a] properly-served defendant who fails to appear should expect that a judgment may be entered against." Wong, supra, 2012 WL 5986474 at *3. In this case, where Cardenas disappeared shortly after learning of the claims in the Underlying Action, he must not only expect a default but has indicated affirmatively an unwillingness to participate and to accept the natural consequences of his actions.

## III.  CONCLUSION

By reason of the foregoing, Hartford's motion to enter judgment by default against defendant Cardenas should be granted. This Court should declare that:

(a)  Cardenas has breached his duty to cooperate, a condition to coverage under the Hartford Policy;

(b)  Hartford may withdraw its defense of Cardenas in Brian D. Zern, *et al.* v. Smucker Company, *et al.*, Civil Action No. 10-15805 (C.P. Lancaster) in the Underlying Action; and

(c) Hartford has no duty to indemnify Cardenas in the Underlying Action;

Dated:  December 19, 2012                                  Respectfully submitted,

                                               **WHITE AND WILLIAMS LLP**

                                   By: /s/ David E. Edwards
                                      Lawrence J. Bistany
                                      David E. Edwards
                                      1650 Market Street
                                      1800 One Liberty Place
                                      Philadelphia, PA 19103
                                      (215)864-6306/7166

## **CERTIFICATE OF SERVICE**

I, David E. Edwards, hereby certify that on this 19th day of December 2012, the foregoing Plaintiff Hartford Casualty Insurance Company's Motion, Proposed Order and Memorandum of Law In Support Of Its Motion For Entry Of Default Judgment Against Defendant was served electronically on the following persons and is available for viewing and downloading from the ECF system:

> Defendant Rodolfo Cardenas' location is unknown, and he has failed to appear despite having been served with process; Hartford is not able to serve him by mail or electronically with subsequently filed documents.

> Kent D. Mikus, Esquire
> 1625 Lampeter Road
> Lancaster, PA 17602
> *Attorney for Brian D. Zern and Lynette L. Zern*

> Mark T. Riley, Esquire
> 620 Freedom Business Center, Suite 300
> King of Prussia, PA 19406
> *Attorney Smucker Company and Paramount Contracting, Inc.*

> Walter H. Swayze, III, Esquire
> Richard A. Godshall, Esquire
> Segal McCambridge Singer & Mahoney, Ltd.
> 1818 Market Street, Suite 2600
> Philadelphia, PA 19103
> *Attorneys for Jessup Drywall Services, LLC*

DATED:  December 19, 2012.                WHITE AND WILLIAMS LLP


                                          By: /s/ David Edwards
                                               Lawrence J. Bistany
                                               David E. Edwards
                                               1650 Market Street
                                               1800 One Liberty Place
                                               Philadelphia, PA 19103
                                               (215)864-6306/7166

                                               *Attorneys for Plaintiff*
                                               *Hartford Casualty Insurance Co.*

10279685v.1